Richard F. Gorman, III, Asst. Atty. Gen., Richmond, Va., for defendants.

**Joseph M. GIARRATANO**

v.

**Gary L. BASS, Warden, et al.**

**Civ. A. No. 83–0794–R.**

United States District Court, E.D. Virginia, Richmond Division.

Oct. 22, 1984.

## MEMORANDUM

MERHIGE, District Judge.

On August 22, 1984, plaintiff, proceeding *pro se* and *in forma pauperis*, filed this motion for a preliminary injunction to prohibit officials at Mecklenburg Correctional Center from further censorship and interference with legal correspondence between plaintiff and Ms. Marie Deans, a paralegal employed by J. Lloyd Snook, III, (plaintiff's *pro bono* counsel in a collateral habeas corpus proceeding currently before the United States District Court for the Eastern District of Virginia, Norfolk Division). By order of August 27, defendants were given twenty days to respond to plaintiff's motion. On September 7 defendants requested an extension of time within which to respond. This extension was granted by order of September 17 and defendants' responses, submitted on September 12 were deemed timely filed. Plaintiff submitted

his rebuttal to defendants' response on September 27. This motion is now ripe for consideration.

As a preliminary matter, the Court notes that plaintiff is a named party in *Brown v. Landon,* Civil Action No. 81-0853-R. On September 27, this Court held a hearing in that action to address a motion for a preliminary injunction to enjoin defendants from unreasonably interfering with inmates' access to attorneys at Mecklenburg Correctional Center. Pursuant to plaintiff's request, the factual allegations underlying the instant motion for a preliminary injunction were not consolidated with the motion in *Brown v. Landon.*

By order of October 2, the Court granted plaintiff's motion in *Brown* and enjoined defendants and "their agents, employees, and persons acting in concert with them" from interfering with the attorney-client relationship between plaintiff and their counsel at Mecklenburg Correctional Center. Although the order in *Brown* is not directly dispositive of the issue presented herein, it appears that defendants may be bound by principles of *collateral estoppel* based on this Court's finding that there was improper interference with legal correspondence at Mecklenburg Correctional Center. *Brown v. Landon.* Findings of Fact of October 2, 1984, at 16, Line 21-24.

The standard concerning the granting of a preliminary injunction is one of a "balance of the hardships." The Court must consider four factors: the plaintiff's probability of success on the merits, plaintiff's irreparable injury if the relief is denied, the harm to the defendants of issuing an injunction, and finally the public interest. *Blackwelder Furniture Co. v. Seilig Manufacturing Co.,* 550 F.2d 189 (4th Cir. 1977). Applying the "irreparable injury" standard to the facts of the instant petition, the Court notes that plaintiff is alleging not merely an isolated incident of censorship concerning a letter addressed to plaintiff from Marie Deans on August 20 but, rather, plaintiff asserts that there is a concerted effort by officials at Mecklenburg Correctional Center to hamper his correspondence with paralegal Deans. Plaintiff's Affidavit at 2, paragraph 3.

Defendants respond that the letter of August 20 was not clearly marked as attorney-client correspondence and, therefore, was properly treated as general correspondence. In support of their position, defendants cite *Wolf v. McDonnell,* 418 U.S. 539, 576, 94 S.Ct. 2963, 2984, 41 L.Ed.2d 935 (1974), in which the United States Supreme Court stated "We think it entirely appropriate that the State require any such communication to be specifically marked as originating from an attorney with his name and address being clearly given if they are to receive special treatment." The purpose of such a standard, however, is to insure that such correspondence is "actually from members of the Bar." *Id.*

The evidence indicates that this is not an isolated incident of legal censorship; defendants' interference with legal correspondence from paralegal Deans was causing plaintiff concern as early as November, 1983. Affidavit of Marie Deans, Filing No. 39 at 1. Given the voluminous documentation of the ongoing dispute between officials at Mecklenburg Correctional Center, plaintiff, his attorney, and paralegal Deans on this precise issue, this Court is unconvinced that the defendants were unaware that Mr. Snook is a member of the Virginia State Bar and that Ms. Deans is a paralegal working at his behest. As the defendants admitted in their response to plaintiff's grievance petition, "The Operations Officer knows who Mrs. Deans is." Plaintiff's Enclosure A, at 1, paragraph 4.

■ The essential issue presented in this motion is the question of whether the legal correspondence of paralegals and other agents of licensed attorneys is to be afforded the same constitutional status as that afforded to direct correspondence from an attorney. Relying on the analysis set forth in *Procunier v. Martinez,* 416 U.S. 396, 419-20, 94 S.Ct. 1800, 1814-1815, 40 L.Ed.2d 224 (1974), this Court is of the opinion that the status of protected attorney legal correspondence should be extended to para-professionals employed by attor-

neys. The thrust of *Procunier* is to ensure reasonable access to attorneys *and their agents* in order to afford adequate counsel to indigent prisoners; "allowing law students and para-professionals to interview inmates might well reduce the cost of legal representation for prisoners." *Id.* at 420, 94 S.Ct. at 1814.

The Court notes that Virginia's Division Guideline # 851, as amended on March 15, 1984, states:

Incoming special purpose correspondence, packages of legal material and mail from lawyers, law schools, legal service groups, and the parole board will be opened in the presence of the inmate.

The plaintiff provides the Court with evidence that on at least six (6) separate occasions, letters properly marked as attorney-client legal correspondence were improperly opened between June 1, 1984, and the present date. Plaintiff's Enclosures C, E, F, G, H, and Exhibit I, with Attachments, provide compelling evidence that the defendants are not complying with their own guidelines. In addition, plaintiff submits correspondence containing only the letterhead American Civil Liberties Union and avers that this correspondence was given special correspondence status on July 30, 1984. *See* Enclosure B and Plaintiff's Rebuttal to Defendants' Response at 5, n. 2. In light of these facts, this Court can only conclude that, indeed, defendants "know who Mrs. Deans is" and have singled her correspondence out for "special treatment."

Defendants argue that the current procedures and treatment of Ms. Deans' legal correspondence is necessary in order to insure security at Mecklenburg Correctional Center. The Court notes that prior to the May 31 escape, correspondence from Ms. Deans was afforded special purpose status. Defendants have not advanced any specific factual information regarding the nature of the threat that Ms. Deans presently imposes upon security at the institution; this Court is unpersuaded that the security of the institution depends on censoring this paralegal's correspondence.

Defendants rely on the Supreme Court's opinion in *Wolf v. McDonnell* to justify their "perusal" of plaintiff's legal correspondence. 418 U.S. at 576, 94 S.Ct. at 2984. Given defendants' broad reading of the term "perusal" ("to read through, to read with attention, to observe, to examine with careful survey", Defendants' Response to Preliminary Injunction at 5, n. 1), to adopt defendants' position would be to authorize a blanket policy permitting prison officials to engage in a leisurely *ex parte* examination of all incoming legal correspondence. This Court rejects such a proposal.

Applying the *Blackwelder* "balance of the hardships" test to these facts as presented, this Court is of the opinion that a preliminary injunction is warranted. Accordingly, plaintiff's motion shall be GRANTED. Defendants shall be ENJOINED from opening clearly marked legal correspondence from Marie Deans outside the presence of the plaintiff, and then only for the purpose of inspecting for contraband.

An appropriate order shall issue.

### ORDER

For the reasons set forth in the accompanying memorandum, the Court hereby GRANTS plaintiff's motion for a preliminary injunction and ENJOINS the defendants, their agents, employees, and persons acting in concert with them from interfering with legal correspondence between the plaintiff and paralegal Marie Deans. Specifically, clearly-marked legal correspondence shall not be opened outside the presence of the plaintiff nor shall it be opened for any other purpose than to inspect for contraband.